IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOHN A. HUDSON, #42809-048, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 11-cv-0239-MJR |
| | ) | |
| SUMMONS, TURNER and TAYLOR, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Plaintiff John A. Hudson, an inmate in the Sandstone Federal Correctional Institution in Sandstone, Minnesota, brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The alleged unconstitutional actions occurred while Plaintiff was housed in the Federal Prison Camp at Marion, Illinois. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact."

*Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A; portions of this action are subject to summary dismissal.

**The Complaint**

In the evening of January 16, 2011, Plaintiff and other inmates were ordered to return to their "cubes" for a lockdown, after an altercation between a camp inmate and a guard. While Plaintiff was climbing the stairs to his cube, Defendant Turner "rushed" him, screaming, "you are an 044" and telling Plaintiff to "shut the fuck up" when Plaintiff protested that he was "not an 044"[1] (Doc. 1, p. 6). As Plaintiff continued to move up the stairs, Defendant Summons approached him, also screaming and spitting in Plaintiff's face. Summons bumped Plaintiff into the hand rail, causing

---

[1] Plaintiff does not explain the meaning of the "044" term.

Plaintiff to strike his right hip against the rail.  Defendants then ordered Plaintiff back to his cube, and he complied.

Plaintiff went to sick call the morning of January 18, apparently to request medical attention for the bump to his hip.  Ibuprofen was ordered for him; however, he did not receive the medication until six days after the medical visit (January 24).  Later in the morning of January 18, Plaintiff was called in to speak with Defendant Taylor and Officer Bird (who is not named as a Defendant).  They told Plaintiff he would be locked in the SHU (Special Housing Unit) for 90 days because of his claim that Turner and Summons assaulted him.  Plaintiff refused to change his story.

At 3:15 p.m. on January 18, Plaintiff was told to pack his property and report to the main institution on orders of Taylor.  Plaintiff was then placed in a one-man cell with another inmate, where Plaintiff was forced to sleep on the floor.  Three other cells in the area were empty at the time.  Plaintiff alleges he received this treatment because he refused to change his story on the staff assault and because he is African-American.

Plaintiff requests compensatory damages and injunctive relief in the form of disciplinary action against the Defendants.

**Discussion**

Based on the allegations of the complaint, the Court finds it convenient to divide the *pro se* action into five (5) counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.  The designation of these counts does not constitute an opinion as to their merit.

**Count 1 - Excessive Force and Verbal Abuse**

Although it is not clear whether Plaintiff is seeking damages against Turner or

Summons for the verbal abuse and force used against him, the Court will address this question as a preliminary matter.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action.... [The] prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citation omitted)). *See also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Furthermore, isolated, infrequent incidents of verbal abuse do not give rise to an Eighth Amendment claim. *See, e.g., Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997); *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992). "[H]arassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment." *Dobbey v. Ill. Dep't of Corr.*, 574 F.3d 443, 446 (7th Cir. 2009). *See also Antoine v. Uchtman*, 275 Fed.Appx. 539, 541 (7th Cir. 2008) ("[T]he Constitution does not compel guards to address prisoners in a civil tone using polite

language.").

Under the circumstances described by Plaintiff, the use of force was *de minimis* and was applied in the context of a general need to restore and maintain discipline. The camp inmates had just been ordered to be locked in their housing units due to a security problem, and guards were on the scene to ensure compliance with that order. While the verbal abuse and physical "bump" directed at Plaintiff by Turner and Summons were offensive, these actions were not unconstitutional. Therefore, Plaintiff's excessive force claim against these Defendants is subject to dismissal with prejudice.

## Count 2 - Retaliation

Whether or not Plaintiff filed a formal grievance over the actions of Turner and Summons, it is evident from his complaint that when Plaintiff went to sick call seeking pain medication, he told the health care worker that he was injured in the confrontation with the two guards. Plaintiff's allegations regarding the assault by Turner and Summons were brought to the attention of Taylor, who threatened Plaintiff with segregation. Later the same day, Plaintiff was moved from the minimum security camp to an inadequate cell.

Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). Furthermore, "[a]ll that need be specified is the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). Naming the suit or complaint and the act of retaliation is all that is necessary to state a claim of improper retaliation.

*Id.* A pleading that provides a short, plain statement of the legal claim complies with the Federal Rules of Civil Procedure and cannot be dismissed because it does not allege all facts necessary to clearly establish a valid claim. *Id.*

Plaintiff has sufficiently alleged a retaliation claim against Taylor for moving him from the camp to an uncomfortable and crowded cell after Plaintiff refused to retract his statements about the incident with Turner and Summons. At issue here is whether Taylor's actions would likely deter First Amendment activity in the future and if the First Amendment activity was "at least a motivating factor" in Taylor's decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 551 (7th Cir. 2009). This is a question that cannot be resolved at the pleadings stage of this case. Thus, Plaintiff's retaliation claim shall receive further review.

**Count 3 - Inhumane Cell Conditions**

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions created an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.*

The defining Supreme Court case addressing issues of overcrowding is *Rhodes v. Chapman*, 452 U.S. 337 (1981). In that case, the plaintiffs contended that the lodging of two inmates in a single cell ("double celling") constituted cruel and unusual punishment. The Supreme Court disagreed, concluding that "[a]t most ... double celling inflicts pain," *id.* at 348-349, but not the "unnecessary and wanton infliction of pain" that violates the Eighth Amendment. *Id.* at 346. The Court found that the Constitution "does not mandate comfortable prisons," *id.* at 349, and only those

deprivations denying "the minimal civilized measure of life's necessities," *id.* at 347, are sufficiently grave to form the basis of an Eighth Amendment violation.  In reaching this conclusion, the Court stated:

> Conditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment. . . . But conditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.

*Id.* at 347.  *See also Wilson v. Seiter*, 501 U.S. 294 (1991).

Under this precedent, it was not unconstitutional to place Plaintiff in a one-man cell with another inmate.  As to the allegation that Plaintiff was required to sleep on the floor, this alone does not amount to an excessive risk to Plaintiff's health and, consequently, does not constitute cruel and unusual punishment.  Plaintiff does not disclose how long he was subject to this condition, whether or not he had a mattress, or was lacking adequate bedding.  Accordingly, the claim against Taylor for subjecting Plaintiff to inadequate cell conditions shall be dismissed without prejudice.

Even though the cell conditions described by Plaintiff are not actionable in and of themselves, if the cell placement was made in retaliation for the exercise of a constitutionally protected right, then it can be actionable under § 1983.  *See Bridges v. Gilbert*, 557 F.3d 541, 552 (7th Cir. 2009).  As set forth above in Count 2, the retaliation claim shall receive further consideration.

**Count 4 - Delay in Providing Medication**

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle,* 429 U.S. at 104; *Farmer,* 511 U.S. 825; *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per

curiam).

> Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The Seventh Circuit considers the following to be indications of a serious medical need: (1) where failure to treat the condition "could result in further significant injury or the unnecessary and wanton infliction of pain"; (2) "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment"; (3) "the presence of a medical condition that significantly affects an individual's daily activities"; or (4) "the existence of chronic and substantial pain." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). In addition, a condition that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention is also considered a "serious" medical need. *Id.*

Plaintiff describes being "bumped" by Summons and striking his right hip on the handrail. He does not explain the extent of his injury, any resulting pain, or how it affected his ability to carry on normal activities. Even under the liberal standards of review at the pleading stage, the Court cannot conclude that Plaintiff suffered from a "serious medical need" as described in *Gutierrez*.

Moreover, the Seventh Circuit's decisions discussing the standard for deliberate indifference in the denial or delay of medical care require evidence of a defendant's actual knowledge of, or reckless disregard for, a substantial risk of harm. The Circuit also recognizes that a defendant's inadvertent error, negligence or even ordinary malpractice is insufficient to rise to the level of an Eighth Amendment constitutional violation. *See Duckworth v. Ahmad*, 532 F.3d 675, 679

(7th Cir. 2008); *Chavez v. Cady*, 207 F.3d 901, 906 (7th Cir. 2000).

Plaintiff alleges that he was not provided with pain medication until six days after it was ordered, but there is nothing in the complaint to indicate this delay was due to anything other than negligence or inadvertence.  In addition, it appears that none of the named Defendants would be responsible for any delay in medical care, because they are not medical providers.  Therefore, Plaintiff's claim for deliberate indifference to his medical needs shall be dismissed with prejudice.

**Count 5 - Racial Discrimination**

Finally, Plaintiff alleges that Taylor's retaliatory actions described in Count 2 (removing Plaintiff from the camp and placing him in a crowded cell) were also motivated by racism against Plaintiff, who is African-American.

Racial discrimination by state actors violates the Equal Protection Clause of the Fourteenth Amendment unless it is narrowly tailored to serve a compelling state interest.  *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 2000) (citing *City of Richmond v. J.A. Croson Co.*, 488 U.S. 469, 493-94 (1989)).  To state an equal protection claim, a plaintiff must establish that a state actor has purposely treated him differently than persons of a different race.  *Id.*

> [T]he "Equal Protection Clause has long been limited to instances of purposeful or invidious discrimination rather than erroneous or even arbitrary administration of state powers...." *Briscoe v. Kusper*, 435 F.2d 1046, 1052 (7th Cir. 1970).  A plaintiff "must demonstrate intentional or purposeful discrimination" to show an equal protection violation.  *Bloomenthal v. Lavelle*, 614 F.2d 1139, 1141 (7th Cir. 1980) (per curiam).  "'Discriminatory purpose' however, implies more than intent as volition or intent as awareness of consequences." *Pers. Adm'r of Mass. v. Feeny*, 442 U.S. 256, 279, 99 S. Ct. 2282, 2296, 60 L. Ed. 2d 870 (1979).  It implies that the decision-maker singled out a particular group for disparate treatment and selected his course of action at least in part for the purpose of causing its adverse effects on an identifiable group.  *Shango v. Jurich*, 681 F.2d 1091, 1104 (7th Cir. 1982).

*David K. v. Lane*, 839 F.2d 1265, 1271-72 (7th Cir. 1988).

In the instant case, Plaintiff has not demonstrated that non-African-American inmates were treated any differently from Plaintiff or other African-American inmates. He describes a single incident of alleged mistreatment and, indeed, has stated a potential claim for retaliation based on the facts of that incident. Even if the allegations were sufficient to infer that an equal protection violation occurred, such a claim would be redundant, as it would be based on the same set of facts already addressed in Count 2 above (retaliation for complaining about assault by guards), which shall receive further consideration. *See Conyers v. Abitz,* 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim because free exercise claim "gains nothing by attracting additional constitutional labels"); *Williams v. Snyder*, 150 Fed.Appx. 549, 552-53 (7th Cir. 2005) (dismissing equal protection, access to courts, due process, and Eighth Amendment claims as duplicative of retaliation and freedom of religion claims).

Accordingly, Plaintiff's equal protection/racial discrimination claim shall be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1, 3, 4** and **5** fail to state a claim upon which relief may be granted, and thus are **DISMISSED.** The dismissal of **COUNTS 1, 4** and **5** shall be with prejudice. The dismissal of **COUNT 3** shall be without prejudice. Defendants **SUMMONS** and **TURNER** are **DISMISSED** from this action with prejudice.

As to COUNT 2, the Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendant **TAYLOR**; the Clerk shall issue the completed summons. The United States Marshal **SHALL** serve Defendant TAYLOR pursuant

to Rule 4(e) of the Federal Rules of Civil Procedure.[2]  All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service.

In addition, pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

It is **FURTHER ORDERED** that Plaintiff shall serve upon Defendants, or if an appearance has been entered by counsel, upon that attorney, a copy of every pleading or other document submitted for consideration by this Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date that a true and correct copy of the document was mailed to each defendant or counsel.  Any paper received by a district judge or a magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

---

[2]  Rule 4(e) provides, "an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by: (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or (2) doing any of the following: (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or law to receive service of process."

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Williams** for further pre-trial proceedings.   This entire matter shall be **REFERRED** to **United States Magistrate Judge Williams** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant, and his attorney, if any, were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

IT IS SO ORDERED.

DATED this 15th day of December, 2011

s/ MICHAEL J. REAGAN
MICHAEL J. REAGAN
United States District Judge